STATE OF NEBRASKA, APPELLEE, V.
ROGER DALE BJORKLUND, APPELLANT.
604 N.W. 2d 169

Filed February 25, 2000.   Nos. S-94-856, S-94-994.

Dennis R. Keefe, Lancaster County Public Defender, Scott P. Helvie, and Richard L. Goos, and Alan G. Stoler, Steven E. Tennies, and Jerry M. Hug for appellant.

Roger Dale Bjorklund, pro se.

Don Stenberg, Attorney General, and J. Kirk Brown, and Gary E. Lacey, Lancaster County Attorney, and John A. Colborn for appellee.

CONNOLLY, GERRARD, STEPHAN, McCORMACK, and MILLER-LERMAN, JJ., and IRWIN, Chief Judge, and SIEVERS, Judge.

PER CURIAM.

Case No. S-94-994 is before this court on the motions for rehearing of the appellant, Roger Dale Bjorklund, and of the appellee, State of Nebraska, regarding our opinion reported at *State v. Bjorklund, ante.* p. 432, 604 N.W.2d 169 (2000). We overrule both motions, but for purposes of clarification, modify the opinion as follows:

In that portion of the opinion designated "IV. ANALYSIS," under the subheading "1. JURISDICTION," the last sentence of the second full paragraph, *id.* at 444, 604 N.W.2d at 190, is withdrawn, and the following sentence is substituted in its place: "Bjorklund was then sentenced to death by Judge Endacott on September 20, and a mandatory direct appeal initiated pursuant to Neb. Rev. Stat. § 29-2525 (Reissue 1989) was docketed as case No. S-94-994."

Under the sentencing subheading "(c) Analysis," the first full paragraph, *id.* at 488, 604 N.W.2d at 216, is withdrawn, and the following is substituted in its place:

Section 29-2523(1)(d) provides as an aggravating circumstance that "[t]he murder was especially heinous, atrocious, cruel, or manifested exceptional depravity by ordinary standards of morality and intelligence." This section contains two separate disjunctive components which may operate together or independently of one another. *State v. Moore*, 250 Neb. 805, 553 N.W.2d 120 (1996), *disapproved on other grounds, State v. Reeves, ante* p. 511, 604 N.W.2d 151 (2000); *State v. Ryan*, 248 Neb. 405, 534 N.W.2d 766 (1995). The trial court found, and the evidence supports beyond a reasonable doubt, that the first component of § 29-2523(1)(d), i.e., that the murder was especially heinous, atrocious, and cruel, is present in this case. The evidence, which includes Bjorklund's statements, the physical evidence, and the expert testimony in this case, establishes that Harms was abducted, bound with duct tape, sexually assaulted by Bjorklund, and sexually assaulted by Barney. Harms was taken to a remote location, choked by Bjorklund, shot in the head by Barney, and left in a field to die. Bjorklund and Barney returned to

retrieve a blanket, and when Bjorklund realized that Harms was not dead, he shot her several more times in the head.

In that same sentencing analysis portion of *Bjorklund*, the fourth full paragraph, *ante* at 488, 604 N.W.2d at 216, is withdrawn, and the following is substituted in its place:

"In summary, we conclude that the evidence amply demonstrates a murder that was especially heinous, atrocious, and cruel and, thus, that the trial court properly found that aggravating circumstance."

The remainder of the opinion shall remain unmodified.

FORMER OPINION MODIFIED.

MOTIONS FOR REHEARING OVERRULED.

HENDRY, C.J., and WRIGHT, J., not participating.